UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOHN S. DEPETRO,                    )
                                    ) No. CV-08-248-JPH
          Plaintiff,                )
                                    ) ORDER GRANTING DEFENDANT'S
v.                                  ) MOTION FOR SUMMARY JUDGMENT
                                    )
MICHAEL J. ASTRUE, Commissioner     )
of Social Security,                 )
                                    )
          Defendant.                )
                                    )
                                    )
_____ )

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 16, 2009  (Ct. Rec. 17, 23).  Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Thomas M. Elsberry represents the Commissioner of Social Security ("Commissioner"). Plaintiff filed a reply brief on August 7, 2009 (Ct. Rec. 25). The parties have consented to proceed before a magistrate judge (Ct. Rec. 8).  After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 23) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 17).

**JURISDICTION**

Plaintiff protectively filed an application for supplemental security income (SSI) on March 26, 2002. He alleged onset as of December 31, 1973, later amended to March 26, 2002. (Tr. 62-64,

85, 642-643.)  Plaintiff alleged disability due to post-traumatic stress disorder (PTSD) and depression (Tr. 76). In 2004, Mr. Depetro additionally alleged he suffers from sleep disturbance and antisocial personality disorder (Tr. 388).  The application was denied initially and on reconsideration (Tr. 26-29, 32-34).

At the first hearing before Administrative Law Judge (ALJ) R. J. Payne on October 7, 2003, plaintiff, represented by counsel, and psychological expert Ronald Klein, Ph.D., testified (Tr. 286-309).  On October 16, 2003, the ALJ issued an unfavorable decision (Tr. 15-19).  The Appeals Council denied review on July 26, 2004 (Tr. 4-6), and plaintiff appealed [in case 04cv337-MWL].  On April 12, 2005, the Court reversed and ordered remand for further administrative proceedings pursuant to the parties' stipulation (Tr. 357-359).  The Appeals Council vacated the ALJ's October 2003 decision and ordered consolidation of the March 2002 SSI application with a second application, filed June 26, 2004, pending at the hearing level (Tr. 354-356).  The 2004 application alleges the same onset date of March 26, 2002 (Tr. 316).

After the Appeals Council's remand order (Tr. 354-356), the ALj held a second hearing on May 9, 2006 (Tr. 641-652).  Although plaintiff was sent notification of the hearing (Tr.65-370, 375-376), he failed to appear (Tr. 641-642).  Counsel told the ALJ his office's last contact with Mr. Depetro was three months earlier, in February of 2006 (Tr. 642).  Counsel did not know where plaintiff was or why he failed to appear (Tr. 641-642).  The ALJ allowed counsel 30 days to locate his client in order to take Mr. Depetro's testimony at a supplemental hearing.  If plaintiff could not be located the ALJ indicated he would probably issue a

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 2 -

decision based on the existing record. Counsel agreed to this procedure. (Tr. 642, 651-652.)

ALJ Payne acknowledged consolidation of the 2002 and 2004 applications (Tr. 316, 641). Psychological expert Allen D. Bostwick, Ph.D., testified and was questioned by counsel and the ALJ (Tr. 643-652).

The ALJ notes a letter dated September 12, 2006 (four months after the hearing) was received from plaintiff indicating he did not receive notice of the supplemental hearing (Tr. 316, referring to Tr. 351). Plaintiff's letter indicates his mail was not being forwarded and was homeless for a few months (Tr. 351). Counsel agreed when plaintiff failed to make contact 30 days after the hearing to the ALJ issuing a decision on the existing record (Tr. 642, 651-652). On December 29, 2006, ALJ Payne found plaintiff disabled when DAA is included (Tr. 322). When DAA is omitted, ALJ Payne found plaintiff is not disabled, meaning DAA is a contributing factor material to disability (Tr. 323-327). On July 14, 2008, the Appeals Council denied review (Tr. 310-312). Therefore, the ALJ's December 29, 2008, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on August 4, 2008 (Ct. Rec. 1,4).

///

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are summarized briefly.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 3 -

Mr. Depetro was 41 years old when he applied for benefits on March 26, 2002 (Tr. 293). He attended school through the ninth grade and earned a GED in 2000 (Tr. 82, 133, 295). Plaintiff has worked as a waiter, busboy, dishwasher, cannery worker, child care provider, laborer, and counter person at a coffee house (Tr. 77,105,297-299). Mr. Depetro performed "odd jobs" such as painting, roofing, yard work, and retail service, presumably cashiering (Tr. 77,298). Plaintiff divorced after three years of marriage and has no children (Tr. 246, 295). Mr. Depetro states he stopped working when, after he sustained a crushed finger in January of 2000, the employment agency for temporary workers, Labor Ready, stopped calling him (Tr. 76, 295,388). Plaintiff has hepatitis C that has been in remission since June of 2001 (Tr. 158,347,529). At the first hearing in October of 2003, Mr. Depetro testified he has sleep problems, depression, and anxiety. He quit using substances (other than alcohol) in January of 2003 (Tr. 299-303). He walks, bicycles or takes a bus because he does not have a driver's license (Tr. 303). Activities include watching television 5-6 hours a day, listening to music, buying a newspaper twice a week, and attending NA meetings two to three times a week (Tr. 304-306). Mr. Depetro lives alone, cooks, cleans, does laundry, and shops (Tr. 305-306). Because he did not appear at the second hearing, plaintiff's sole testimony is from the October 2003 hearing.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to

disability. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J); *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 7 -

*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

573, 576 (9th Cir. 1988).  Substantial evidence "means such

evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

(citations omitted).  "[S]uch inferences and conclusions as the

[Commissioner] may reasonably draw from the evidence" will also be

upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

On review, the Court considers the record as a whole, not just the

evidence supporting the decision of the Commissioner.  *Weetman v.*

*Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.*

*Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to

resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If

evidence supports more than one rational interpretation, the Court

may not substitute its judgment for that of the Commissioner.

*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

(9th Cir. 1984).  Nevertheless, a decision supported by

substantial evidence will still be set aside if the proper legal

standards were not applied in weighing the evidence and making the

decision.  *Brawner v. Secretary of Health and Human Services*, 839

F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial

evidence to support the administrative findings, or if there is

conflicting evidence that will support a finding of either

disability or nondisability, the finding of the Commissioner is

conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.

1987).

### ALJ'S FINDINGS

At step one ALJ Payne found plaintiff has not engaged in substantial gainful activity since onset (Tr. 319).  At steps two and three, he found Mr. Depetro suffers from depression, bipolar disorder, personality disorder, and substance abuse addiction disorder, impairments that are severe but which do not alone or in combination meet or medically equal a Listed impairment (Tr. 319-320).  Prior to step four, ALJ Payne assessed an RFC consisting solely of psychological limitations (Tr. 320).  At step four, he found Mr. Depetro is unable to perform any past relevant work (Tr. 321).  At step five, the ALJ found, when DAA is included, there are no jobs plaintiff can perform; accordingly, plaintiff is disabled (Tr. 322).  Given plaintiff's DAA, the ALJ went to the second phase of the analysis.  He found if Mr. Depetro stopped abusing substances, he would have the RFC to perform past work as a laborer, lawn maintenance worker, and dishwasher (Tr. 326).  The ALJ found DAA is a contributing factor material to the disability determination. (Id.)  Accordingly, he found plaintiff is barred from receiving benefits and not disabled as defined by the Social Security Act (Tr. 326-327).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law by improperly weighing the evidence of psychological limitations. Specifically, Mr. Depetro alleges the ALJ failed to properly credit the opinions of examining psychologists Debra Brown, Ph.D., John McRae, Ph.D., and Frank Rosekrans, Ph.D. (Ct. Rec. 18 at 8-15).  Although plaintiff refers to Joyce Everhart, Ph.D.'s opinion, he does not allege the ALJ gave it improper weight (Ct. Rec. 18 at 12-13).  Plaintiff also alleges the ALJ improperly

relied on the testimony of expert Allen Bostwick, Ph.D. (Ct. Rec. 18 at 8-15).  The Commissioner asserts the ALJ's decision should be affirmed because it is supported by substantial evidence and free of legal error (Ct. Rec. 24 at 3).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989).  However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted).  More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*,

379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion.  *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

*1. Rejecting opinions when DAA is included*

Plaintiff contends the ALJ erroneously rejected the opinions of examining psychologists Drs. Brown, McRae, and Rosekrans that plaintiff is "severely disabled" to the extent that they have rendered the opinions considering the effects of substance abuse (Ct. Rec. 18 at 8-15).  The parties agree the ALJ's reasons for rejecting the examining psychologists's contradicted opinions must be specific, legitimate, and supported by substantial evidence (Ct. Rec. 18 at 14, Ct. Rec. 24 at 15).

ALJ Payne found plaintiff disabled when DAA is included (Tr. 317,320-322).  He accepted the opinions of the examining psychologists to the extent that they opined plaintiff is severely debilitated when substance abuse is included.  After he found Mr.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                      - 11 -

Depetro disabled, the ALJ was required to continue the analysis and determine what impairments if any would remain if plaintiff did not abuse substances (Tr. 323-326).

When he conducted the second part of his analysis, ALJ Payne rejected the opinions of the examining psychologists, in part, because they included the effects of substance abuse:

> In terms of the opinion evidence, it is noted that all examining experts who have assessed the claimant as being severely debilitated have done so considering the effects of his substance use.

(Tr. 326).

The ALJ is correct. Opinions based on plaintiff's impairments during periods of use rather than sobriety are simply not relevant to the second part of the analysis, when the ALJ must determine what limitations, if any, remain when plaintiff is drug free. As outlined more fully below, the ALJ's stated reason is specific, legitimate, and supported by substantial evidence.

Dr. Brown evaluated plaintiff three times. Her associate conducted a fourth evaluation. At the first evaluation on April 16, 2001 (about a year before onset), Dr. Brown noted plaintiff's long history of drug abuse; Mr. Depetro was in school and a DAA treatment program (Tr. 133, 136). She diagnosed PTSD, poly-substance dependence in early remission,[1] and rule out bipolar II

---

[1] Plaintiff's early remission was not sustained. Plaintiff used substances both before and after Dr. Brown's first evaluation. *See e.g.*, heroin (7/15/1999); LSD (8/6/1999); heroin (6/2000); cocaine and marijuana (2/2002); cocaine (3/2002), and alcohol (6/2002) (Tr. 167, 439, 499, 546, 590, 634). After Dr. Brown's evaluation in April, plaintiff attended two intake sessions at Lutheran Counseling Services on June 6 and June 26, 2001, then failed to return for services. (Tr. 137,149.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 12 -

disorder.  She assessed four marked limitations[2] (Tr. 134-135).

Notably, Dr. Brown's assessed marked limitations included DAA.

The ALJ's reason for rejecting her assessed marked limitations

(the inclusion of DAA) is specific, legitimate and supported by

the evidence, since the assessment does not describe plaintiff's

limitations when he is drug-free.

At the second evaluation six months later, on October 29,

2001 (five months before onset), Dr. Brown noted Mr. Depetro was

no longer in school (Tr. 151).  She diagnosed antisocial

personality disorder, in addition to her previous diagnoses. Dr.

Brown assessed the same four marked limitations (Tr. 151, 154-

155).  Significantly, Mr. Depetro denied using drugs but admitted

drinking three times "to intoxication," at some unspecified time

between the first and second evaluations. (Tr. 151.)  The ALJ's

reason for rejecting these marked limitations (the diagnosis

included DAA and plaintiff admitted alcohol consumption) is fully

supported.

At the third evaluation on March 10, 2004 (almost two years

after onset), plaintiff "was drinking and occasionally using

marijuana" (Tr. 480, 482).  Dr. Brown added a rule out diagnosis

of alcohol abuse and recommended a new DAA evaluation.  She

assessed the same four marked limitations (Tr. 484-486), again

properly rejected by the ALJ because plaintiff admitted current

---

[2]Dr. Brown assessed marked impairment in the ability to
(a) exercise judgment and make decisions; (b) relate
appropriately to co-workers and supervisors; (c) interact
appropriately in public contacts, and (d) respond appropriately
to and tolerate the pressures and expectations
of a normal work setting (Tr. 135).

DAA.

     Plaintiff last saw Dr. Brown' associate, Kayleen Islam-Zwart, Ph.D., on March 21, 2005, more than three years after onset (Tr. 610-617).  Currently plaintiff occasionally uses marijuana and alcohol (Tr. 612).  Although she diagnosed PTSD (originally diagnosed April 16, 2001), antisocial personality disorder (first diagnosed October 29, 2001), and rule out diagnoses of bipolar I disorder, alcohol, and cannabis abuse, Dr. Islam-Zwart pointed out an evaluation is needed when plaintiff is abstinent. (Tr. 612). She added a marked limitation in plaintiff's ability to control physical or motor movements and maintain appropriate behavior to Dr. Brown's four previously assessed marked limitations (Tr. 616). Dr. Brown adopted Dr. Islam-Zwart's report. (Tr. 613).  Because plaintiff again admitted current substance use, the ALJ properly rejected  assessed marked limitations as irrelevant to determining plaintiff's limitations when clean and sober.  The reason is specific, legitimate and supported by substantial evidence.

     Plaintiff argues the ALJ should have credited the limitations assessed in Dr. Brown's first two evaluations because on each occasion plaintiff was clean and sober more than 60 days (Ct. Rec. 18 at 13).  Citing the opinions of Drs. Rosekrans and Bostwick [discussed below], the Commissioner argues at least six months of abstinence is required to accurately assess drug free psychological functioning (Ct. Rec. 24 at 16, 25-26, referring to Tr. 581,651).  The ALJ adopted Dr. Bostwick's opinion and partially credited Dr. Rosekrans's.  The opinion of an examining professional such as Dr. Rosekrans, in addition to that of a testifying expert, is a specific, legitimate reason to reject the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

contradicted opinion of another examining professional such as Dr. Brown.  See *Magallanes v. Bowen*, 881 F.2d at 751-752.  The Commissioner is correct that the ALJ properly rejected the marked limitations assessed following Dr. Brown's first two evaluations.

Dr. McRae evaluated plaintiff three months after onset, on June 25, 2002 (Tr. 167-169).  Mr. Depetro drank 3-4 beers two days earlier; sometimes he goes out with friends on weekends and drinks beer (Tr. 167-168).  Dr. McRae diagnosed mood disorder NOS, substance dependence in early partial remission (marijuana and cannabis[3]), alcohol dependence, opioid and amphetamine dependence in full sustained remission, and personality disorder NOS (Tr. 167, 169).  Dr. McRae opined DAA likely worsens plaintiff's mood states.  He opined treatment records during periods of sobriety would be helpful to see how Mr. Depetro functions when he is substance free (Tr. 169).  Nearly four years later, on April 20, 2006, Dr. McRae added:

> My opinion (of June 25, 2002) above was that his substance abuse likely worsens his moods and consequently it would have been helpful to have information about his moods and how he functions during clean/dry periods of time. That type of information could help to show to what degree his substance abuse worsens his moods and disrupts his persistence at work tasks and reasonably dealing with others. If there was no evidence from clean/dry periods of time then I would err on the side of the claimant and I would judge his mood/personality interfere with his sustaining social relationships at work and interfere with sustaining/persisting at work tasks.

(Tr. 621).  Dr. McRae did not further clarify the degree to which plaintiff's limitations without DAA would interfere with social

---

[3]It is unclear why dependence on both marijuana and cannabis was assessed.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 15 -

relationships or persistence at work tasks.  As with Dr. Brown's last two evaluations in March of 2004 and 2005, Dr. McRae assessed plaintiff when he was currently using substances. The ALJ is correct Dr. McRae's opinion does not reflect Mr. Depetro's limitations without DAA.

Plaintiff argues the ALJ should have accepted the GAF of 55 assessed by Dr. Rosekrans following his September 22, 2005, evaluation (Ct. Rec. 18 at 14, referring to Tr. 575-589).   The record shows Mr. Depetro abused drugs and alcohol after treatment in 2000, as Dr. Rosekrans pointed out (Tr. 580).  Given plaintiff's roughly 25 years of using methamphetamine, Dr. Rosekrans opined, plaintiff's moods are difficult to evaluate because drugs, "especially meth, cause mood swings" (Tr. 577-578). Among other disorders, Dr. Rosekrans diagnosed four conditions directly related to DAA, all of which he assessed in early *partial* remission: alcohol dependence, amphetamine dependence, opioid abuse, and cannabis abuse.  He cautioned that "any diagnosis should be considered somewhat tentative until he [Mr. Depetro] has at least six months abstinence from all drugs, confirmed by urinalysis" (Tr. 580-581)(italics added).

The ALJ properly rejected this opinion at the second phase of his analysis because the psychologist diagnosed DAA partially in remission –  meaning the assessed limitations included the current use of drugs and alcohol (Tr. 326).  And,  Dr. Rosekrans's evaluation is provisional since there is no urinalysis testing showing plaintiff maintained six months of sobriety at any time.

As part of its remand order, the Appeals Council instructed the ALJ to order a neuropsychological consultative examination

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 16 -

with testing (Tr. 355, 357-358); accordingly, Dr. Everhart
evaluated plaintiff on February 1, 2006 (Tr. 593-602).  After
testing she diagnosed malingering, depressive disorder NOS
(somewhat controlled with celexa), and personality disorder NOS
with antisocial features.  Dr. Everhart also diagnosed cocaine,
marijuana, methamphetamine, opioid, and alcohol dependence in
sustained full remission by self-report "of questionable
credibility."  (Tr. 599-600.) She did not specifically assess
work-related limitations.  Plaintiff does not specifically assign
error the weight the ALJ gave Dr. Everhart's opinion.

     The ALJ relied in part on Dr. Bostwick's assessed limitations
with and without DAA (Tr. 320-326, referring to Tr. 635-638) when
he weighed the examining psychologists' contradicted opinions, as
well as when he determined plaintiff's RFC, excluding DAA.  ALJ
Payne found, again excluding DAA, plaintiff is moderately limited
in the ability to ask simple questions and request assistance; he
is also moderately limited in the ability to accept instruction
and respond appropriately to criticism from supervisors (Tr. 323,
326).  The ALJ points out Dr. Bostwick opined plaintiff's
depressive disorder (when DAA is excluded) causes only occasional
mild limitations in stress tolerance and sustained concentration,
because it is relatively well-controlled with celexa (Tr. 326,
referring to Tr. 625, 637).  The record supports Dr. Bostwick's
opinion.

     To further aid in weighing the conflicting medical
evidence, the ALJ evaluated plaintiff's credibility and found him
less than fully credible (Tr. 325), a finding not challenged on
appeal.  Credibility determinations bear on evaluations of medical

evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

Despite Dr. Everhart's malingering diagnosis, the Court asks if the ALJ's credibility determination is based on clear and convincing reasons. Some of the factors the ALJ relied when he assessed credibility include: (1) plaintiff responded positively to prescribed medication and counseling, contradicting disabling psychological impairment when DAA is excluded. (Tr. 325, referring to Tr. 253,262,462); (2) The record reflects during periods of reported abstinence, treatment providers describe plaintiff's mood and affect as normal. (Tr. 325-326, referring to

Tr. 203, 524; see also Tr. 144, 247); and (3) Plaintiff's paid activities during reported periods of abstinence included removing wallpaper, sanding walls, painting, and yard work.  The ability to do this work    undermines plaintiff's claims of disabling impairment as well as his credibility.  (Tr. 324-326, referring to Tr. 228, 542.)                The Court finds ALJ Payne's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record.  *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

**B.  Evidence supports the ALJ's RFC determination**

*1. Observations of treating sources and plaintiff's activities support the ALJ's RFC when DAA is excluded*

Evidence supports the ALJ's finding that, absent DAA, plaintiff's limitations are moderate at most.  The ALJ points out (a) when drug free, Mr. Depetro responded positively to prescribed medication and counseling, contradicting allegedly ongoing disabling psychological impairment (Tr. 325; Tr. 253,262,462). (b) As indicated, the record shows treatment providers describe plaintiff's mood and affect as normal when he is abstinent (Tr. 326, referring to Tr. 144, 203, 247, 524).  (c) Plaintiff's additional activities during claimed periods of sobriety include expressing the desire to attend school or get a job (Tr. 324

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 19 -

citing Tr. 234); applying "for training at Pre-Voc" (Tr. 324, citing Tr. 219); and discontinuing mental health counseling (Tr. 324, referring to Tr. 462).

///

///

*2. Plaintiff's descriptions of his limitations with and without DAA support the ALJ's determination*

Plaintiff's statements indicate he does well when abstinent. ALJ points out a few of plaintiff's acknowledgments his depression and personality are generally controlled when he is abstinent and takes medications as prescribed: zoloft effectively relieves depression, anxiety and irritability (8 months without drinking, 6/6/01); paxil and zyprexa somewhat reduce anger, irritability and frustration (admits some drinking, 6/25/02); mental health counseling helped plaintiff "feel better" (3 months clean from injecting drugs, 2/26/03); celexa helpful in controlling depression; has a more positive outlook (4 months without injecting, May 2003); celexa making a "big difference" (alleges 5 months of abstinence, June of 2003); and doing well and maintaining relationship with a girlfriend "although drinking a little occasionally" (alleges 8 months of abstinence, September of 2003).  (Tr. 320, 323-324, citing Tr. 157, 167, 229, 236-237, 253, 262, 459.)

The ALJ observes plaintiff recognizes the negative effects of DAA in his functioning, another important source of evidence relied on when assessing plaintiff's RFC. In June of 2001, plaintiff reported not drinking for 8 months; ALJ Payne notes Mr. Depetro reported his past suicidal gestures had always occurred

under the influence of alcohol or drugs.  (Tr. 320, 323, referring to Exhibit 6F/1.) The ALJ notes plaintiff  described the effects of DAA on his functioning a year later:

> [In June of 2002 plaintiff] reported that alcohol had interfered with relationships, caused legal problems and interfered with his getting things done . . . [He] admitted that his drug use had interfered with work.

(Tr. 320-321, referring to Exhibit 9F/1).

The ALJ observes on October 4, 2002[4], a substance abuse counselor opined plaintiff "experienced serious consequences from his addictions, including lost relationships, lost housing and lost jobs," and moved from coast to coast as a result of his addictions[5] (Tr. 321, referring to Tr. 126,417).

In January of 2003, plaintiff admitted recently injecting cocaine. The ALJ notes Mr. Depetro sought hospitalization at the time due to racing thoughts and "going downhill" (Tr. 321, referring to Tr. 216-217).

On March 14, 2003, plaintiff admitted he experienced legal, job and relationship problems due to DAA (Tr. 321, referring to Tr. 254).

In August of 2004, Mr. Depetro admitted he recently used methamphetamine.  The record is unclear as to when plaintiff started using drugs prior to August; the ALJ observes that, in June of 2004, two months earlier, Mr. Depetro began reporting

---

[4]It appears the date should be October 4, 2000, rather than 2002. The Court deems the error harmless.

[5]Earnings records from 1985 through 2000 show plaintiff lived in 19 cities in 11 states, including Illinois, Alabama, Ohio, Washington, California, Wisconsin, Alaska, Oklahoma, Texas and Arizona (Tr. 382-386). In 2007, plaintiff expressed a desire to return to the Portland area (Tr. 345).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 21 -

increased feelings of isolation and anger. (Tr. 321, referring to Exhibit 24F/19).  The ALJ's RFC when DAA is excluded is supported by plaintiff's statement to Dr. Rosekrans in 2005 that he "has been called paranoid, but when you are selling drugs to support yourself and your drug habit, and have a pocket full of meth[amphetamine], it is realistic to be afraid of everything around you." (Ct. Rec. 24 at 24, citing to Tr. 575.)  Plaintiff reported first experiencing manic-like symptoms in 1996 or 1997 (Tr. 536), a time when he was apparently using methamphetamine. Dr. Rosekrans opined the drug causes manic-like symptoms (Tr. 576).  The ALJ observes Mr. Depetro was arrested numerous times over the years for DAA-related actions including shoplifting, drug possession, drunkenness, attempting to receive stolen property, criminal trespass, and open container violations (Tr. 321, referring to Tr. 576).

Plaintiff told Dr. Everhart problems keeping a job for any length of time were probably drug and alcohol related (Tr. 596-597).

When DAA is excluded, the ALJ assessed plaintiff as no more than moderately limited in the ability to perform work related tasks (Tr. 323).  The degree of assessed limitation is supported by Dr. Bostwick's opinion and other evidence, as noted.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial

1  evidence and may not substitute its own judgment for that of the

2  ALJ, even if it might justifiably have reached a different result

3  upon de novo review.  42 U.S.C. § 405 (g).

4                          **CONCLUSION**

5      Having reviewed the record and the ALJ's conclusions, this

6  Court finds that the ALJ's decision is free of legal error and

7  supported by substantial evidence..

8      **IT IS ORDERED:**

9      1. Defendant's Motion for Summary Judgment **(Ct. Rec. 23)** is

10  **GRANTED.**

11     2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is

12  **DENIED.**

13     The District Court Executive is directed to file this Order,

14  provide copies to counsel, enter judgment in favor of Defendant,

15  and **CLOSE** this file.

16     DATED this 1st day of December, 2009.

17

18                          s/ James P. Hutton

19                          JAMES P. HUTTON
                       UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28